UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EMMANUEL WILLIAM NYUON,<br><br>　　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:16-CV-04010-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

**INTRODUCTION**

Petitioner, Emmanuel William Nyuon, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The government now moves to dismiss the petition for failure to state a claim. Docket 13. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed, Docket 19, and Nyuon objects. Docket 23. Nyuon also moves for an evidentiary hearing and to reverse the report and recommendation. Docket 26; Docket 27. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation, dismisses Nyuon's petition, and denies Nyuon's motions.

**FACTUAL BACKGROUND**[1]

A jury found Nyuon guilty of sex trafficking of a child, and conspiring to engage in sex trafficking of a child. *United States v. Nyuon*, 587 F. App'x 346,

---

[1] A full recitation of the facts can be found in the report and recommendation.

346 (8th Cir. 2014). The district court sentenced him to a 360–month sentence. *Id.* Nyuon appealed, and the Eighth Circuit Court of Appeals affirmed his conviction. *Id.*

On January 19, 2016, Nyuon filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. Nyuon argued that his trial attorney provided ineffective assistance both at trial and on appeal. *Id.* The Government moved to dismiss Nyuon's petition because he had failed to state a claim and because he had waived certain defenses. Docket 13.

On September 6, 2016, Magistrate Judge Duffy filed her report and recommendation. Docket 19. She recommended that the Government's motion to dismiss be granted. *Id.* Nyuon was given until September 20, 2016, to file objections. *Id.* On September 19, 2016, Nyuon moved to extend this deadline, Docket 21, and the court granted his motion, extending the deadline to October 1, 2016. Docket 22. On October 6, 2016, Nyuon filed his objections. Docket 22. He later filed a motion seeking an evidentiary hearing, Docket 26, and a motion to reverse the report and recommendation. Docket 27.

**STANDARD OF REVIEW**

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part,

2

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

**I.  Nyuon's Objections**

Nyuon objects to a number of sections in the report and recommendation. In objection 1, Nyuon objects to the report and recommendation as a whole. Docket 23 at 3. He argues that the Government's memorandum in support of its motion to dismiss "is largely a verbatim statement" of the report and recommendation. *Id.* This is neither true nor a specific objection. *See* Fed. R. Civ. P. 72(b). Nyuon states that he discusses his specific examples in the other objections. Therefore, this objection is overruled.

Nyuon argues in Objections 2, 3, 5-7, 9-17, 19, 20, 22, 23 that certain statements in the report and recommendation should not be adopted because they assume evidence not in the record or "lack foundation." After de novo review, the court determines that the evidence cited in these statements is in the record in the form of witness testimony at trial. *See* CR Dockets 213 & 214. The factual statements quoted by Nyuon are fairly stated and properly cited in the report and recommendation.

Nyuon also argues that these statements are hearsay. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Love*, 521 F.3d 1007, 1009 (8th Cir. 2008) (quoting Fed. R. Evid. 801(c)). Because Magistrate Judge Duffy is not a declarant and the report and

3

recommendation is not testimony, these statements are not hearsay. Therefore, these objections are overruled.

In objections 13 and 14, Nyuon argues that certain statements in the report and recommendation were contradicted on cross-examination. Not only is that irrelevant to his habeas claims, but this testimony was not contradicted by cross-examination. Therefore, these objections are overruled.

In objections 9 and 10, Nyuon argues that certain statements in the report and recommendation were inflammatory and suggest that he is a violent person. The statements, however, are taken from the evidence presented at trial. Nyuon also argues in objection 10 that the victim did not testify that she was scared of him. This is not true, and the report and recommendation provides an accurate citation to that portion of the victim's testimony. Docket 19 at 14 (citing CR Docket 213 at 133). Therefore, these objections are overruled.

In objection 12, Nyuon argues that certain statements in the report and recommendation were impermissibly suggestive. That portion of the report and recommendation states the facts of the case; it does not suggest anything. The portion Nyuon objects to is taken directly from the victim's testimony at trial and is properly cited. Therefore, this objection is overruled.

In objection 4, Nyuon argues that the report and recommendation does not provide certain facts including the facts leading up to his arrest, the charges he was originally arrested on, information concerning an immigration hold placed on him while he was incarcerated in the Minnehaha County Jail, or

4

information concerning the case being transferred from the state to the federal government. The report and recommendation does not need to contain these facts. Their addition would not affect the analysis of Nyuon's habeas claims, and he does not explain why they are necessary. Therefore, this objection is overruled.

In objection 5, Nyuon argues that the statement in the report and recommendation that "Mr. Statom made the referral because the photographs appeared to depict a girl who was under the age of majority" assumed facts not in the record. Docket 19 at 7-8. Statom, an employee at Backpage.com, on which Nyuon posted ads in order to traffic the victim, actually only testified that the person in the ad "might have been young[.]" CR Docket 213 at 23. This difference does not affect the analysis of Nyuon's habeas claims. Therefore, this objection is overruled.

In objection 7, Nyuon argues that the statement "Mr. Eirinberg objected several times; then he asked for and received a standing objection" should be struck from the report and recommendation because it fails to state to what Eirinberg received a standing objection. Docket 19 at 13. Eirinberg asked for and received a standing objection to the relevancy of S.J.'s testimony concerning her family life and social habits. CR Docket 213 at 113. This specification does not affect the analysis of Nyuon's habeas claims. Therefore, this objection is overruled.

In objection 8, Nyuon argues that the statement "He took them to a barbeque at some apartments on the east side of Sioux Falls" lacks specificity

and "some apartments" must be replaced with a more specific term. Docket 19 at 13. "[S]ome apartments on the east side" is how S.J. described that destination in her testimony, and no further information is necessary. Therefore, this objection is overruled.

In objection 18, Nyuon argues that the statement that Amber Traversie "was a reluctant witness, appearing via subpoena" was "misleading and misconstrue[d] the facts." Docket 19 at 20; Docket 23 at 13. Nyuon argues that Traversie was not "reluctant" but was forced to testify under the "threat of prosecution in this case." Docket 23 at 13. Traversie testified that she did not want to testify in court and that she was subpoenaed. CR Docket 214 at 54.

The court issued an arrest warrant for Traversie. CR Docket 183. While Traversie testified that she had been threatened with prosecution, those threats were made during the investigation and in order to convince Traversie to help in the investigation. *See* Docket 214 at 70-72. When asked if she would be arrested if she did not say what the prosecution wanted, Traversie said she did not know. *Id.* at 75. A subpoena was the instrument by which Traversie was forced to testify, and Nyuon does not explain why he believes Traversie was threatened with prosecution for the crimes he was tried for if she did not testify.

Nyuon and Magistrate Judge Duffy described the same fact in different ways, and this does not affect Nyuon's habeas claims. Even if Traversie was forced to testify, Eirinberg elicited this information in his cross-examination of Traversie, and he was not ineffective. Therefore, this objection is overruled.

6

In objection 24, Nyuon argues that Magistrate Judge Duffy should not have used the term "etc." when describing the ways in which Nyuon disagreed with his trial counsel. He argues that he told Eirinberg that he wanted to testify, but Eirinberg did not call him as a witness. Nyuon argues that Magistrate Judge Duffy should have responded to this argument in the report and recommendation. Nyuon did not raise this argument in his petition or any document filed before Magistrate Judge Duffy filed the report and recommendation. In the memorandum supporting his petition, Nyuon complains that Eirinberg did not "Properly Re-Dact The Video Interview For Trial As Petitioner Agreed Not To Take The Stand If Counsel Play The Involuntary Confession To The Jury." Docket 2 at 8. He did not clearly raise this claim in his petition.

"A criminal defendant has a constitutional right to testify on [his] behalf." *Berkovitz v. Minnesota*, 505 F.3d 827, 828 (8th Cir. 2007) (citing *Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987)). "Only the defendant may waive [his] right to testify, and the waiver must be made voluntarily and knowingly." *Id.* (citing *Frey v. Schuetzle*, 151 F.3d 893, 898 (8th Cir. 1998). In *Berkovitz*, the Eighth Circuit Court of Appeals found that the defendant "voluntarily and knowingly waived her right to testify. She was not unduly influenced or coerced when her trial counsels stated that they were a 'hundred five percent sure' that she should not testify and '[i]f we should allow you to testify we are going to lose.' " *Id.* Trial counsel told Berkovitz she had the right to testify, the trial court made sure that she understood her rights, and she remained silent when

her trial counsel rested. *Id.* The court in *Berkovitz* quoted *Frey* as stating that it had "previously held that a knowing and voluntary waiver of the right may be found based on a defendant's silence when his counsel rests without calling him to testify[.]" *Id.* (citing *Frey*, 151 F.3d at 898).

Nyuon claims that he was denied the right to testify in his own defense. He appears to allege a violation of his stand alone right to testify under the Fourteenth, Sixth, and Fifth Amendments, *see Frey*, 151 F.3d 893, 897 (citing *Rock*, 483 U.S. at 51–53), and a violation of his right to effective assistance of counsel because Eirinberg failed to protect his rights. Docket 25 at 3. Both claims fail because Nyuon voluntarily and knowingly waived his right to testify.

Whether Nyuon would testify was discussed numerous times during the trial. In a bench conference before Eirinberg began his case, Eirinberg told the court that he was not sure if Nyuon would testify, but he said he would talk to Nyuon about it over the lunch hour. Docket 214 at 103-04. Later during another bench conference, Eirinberg told the court that he had discussed the issue with Nyuon over the lunch break and advised him not to testify. *Id.* at 109. He also told the court that Nyuon accepted this advice. *Id.*

At the end of the defense's case, the issue was raised again. When Eirinberg informed the court that he had no other witnesses, he stated that he did not know whether his client wanted to take the stand. Docket 301-2 at 155. If his client wanted to testify, this would be done against his advice. *Id.* After a break during which Eirinberg discussed the issue with Nyuon, Eirinberg informed the court that Nyuon would not testify. *Id* at 156. The court asked

8

Eirinberg, "Did you want to put anything on the record about your client not testifying?" *Id.* Eirinberg answered yes and stated:

> I want the record to reflect that I've had many conversations with my client, and I consistently advised him not to exercise his right to get up and testify. I think it's in his best interest that he does not, not only for purposes of reaching a result in this criminal trial, but also for purposes of sentencing should he be convicted on either offense. He just informed me he will not get up and testify.

*Id.* The court then asked Nyuon, "that's what you've decided to do is to not testify?" and Nyuon answered, "Yes, Your Honor." *Id.* Nyuon voluntarily and knowingly waived his right to testify.

In the memorandum supporting his petition, Nyuon claims that he was willing to forgo testifying if a video of part of his interview with Charla Aramayo was shown during trial. Docket 2 at 8. This is borne out in the record. In a bench conference during trial, Eirinberg told the court that Nyuon agreed not to testify if part of the video was shown. Docket 214 at 109. The video was shown by the defense in two sections. *Id.* at 121, 124. This supports the conclusion that Nyuon voluntarily and knowingly waived his right to testify.

During the evidentiary hearing concerning Nyuon's motion to suppress, the court also brought up his right to testify. Eirinberg stated that he wanted to put Nyon on the stand and ask only one question. Docket 117 at 66. The court asked whether Eirinberg had discussed the Fifth Amendment with Nyuon, and Eirinberg answered that yes, they had discussed it. *Id.* at 66-67.

All of this shows that Nyuon was aware of his right to testify. He brought it up numerous times, but decided in the end, on the advice of counsel, not to

9

testify. He told the court directly that this was his decision. Therefore, he was not denied the right to testify in his defense. Because he was not denied this right, and because the record is clear that Eirinberg discussed this right with Nyuon numerous times, Nyuon's right to effective assistance of counsel was also not violated. Therefore, his objection is overruled.

## II.  Subsequent Filings

Nyuon raises additional new claims after the report and recommendation was filed. Because he raised the denial of his right to testify in his objections to the report and recommendation, the court already analyzed that argument and overruled that objection.

Nyuon also raises other claims that were not raised in his direct appeal. "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Nyuon does not make an argument to explain his default other than to say Eirinberg failed to raise the issues on appeal. Therefore, to the extent Nyuon raises claims other than ineffective assistance of counsel, his claims are dismissed as defaulted.

Nyuon's new claims are arguably ineffective assistance of counsel claims. In order to establish ineffective assistance of counsel, a petitioner must satisfy the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the [petitioner] must

10

show that counsel's performance was deficient." *Id.* This "performance prong" requires a petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88.

Next, the petitioner must "show that he was prejudiced by counsel's error, and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006) (quoting *Anderson v. United States*, 393 F.3d 749, 752–53 (8th Cir. 2005)). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* (quoting *Strickland*, 466 U.S. at 694).

Nyuon did not raise these claims in his direct appeal. Appellate courts, however, generally refuse to review claims of ineffective assistance of counsel on direct appeal; such claims are, therefore, properly addressed in a petition under 28 U.S.C. § 2255. *See United States v. Lee*, 374 F.3d 637, 654 (8th Cir. 2004) (ineffective assistance of counsel claims are not generally cognizable on direct appeal and will be heard only to prevent a miscarriage of justice or in cases where the district court has developed a record on the issue). The court will therefore address Nyuon's new claims to the extent they are claims of ineffective assistance of counsel.

### A. Vienna Convention

Nyuon claims that Eirinberg provided ineffective assistance of counsel because he did not contact the South Sudanese representative pursuant to Article 36 of the Vienna Convention on Consular Relations. Nyuon's claim that

11

Eirinberg was ineffective on appeal is dismissed because Nyuon represented himself on appeal. Nyuon also claims Eirinberg was ineffective for failing to raise this issue in the district court.

The issue was addressed in magistrate court. During Nyuon's initial appearance hearing, the court stated:

> [W]e may need to give the consulate notification of you, Mr. Nyuon. I'm not sure if you are a citizen of the United States or not.
> But if you are not a citizen of the United States, you have the right to have your country notified about this charge. Upon notification, your country could decide whether to come and help you defend against the charge. If you are not a citizen of the United States, and if you want to notify your country about this charge, all you need to do is tell your lawyer. He knows how to make the notification happen.

Docket 298 at 10. Therefore, Nyuon cannot claim that Eirinberg was ineffective for failing to raise the issue of consular notification to the court because the court itself raised the issue.[2]

Eirinberg's assistance was not unconstitutionally ineffective because the Vienna Convention places burdens on the state rather than defense counsel. "Article 36 of the Vienna Convention on Consular Relations requires authorities to inform detained or arrested foreign nationals that they may have their consulates notified of their status." *United States v. Santos*, 235 F.3d 1105,

---

[2] Nyuon makes the same claim under the Federal Rules of Criminal Procedure which state that the judge must inform "a defendant who is not a United States citizen [that he] may request that an attorney for the government or a federal law enforcement official notify a consular officer from the defendant's country of nationality that the defendant has been arrested[.]" Fed. R. Crim. P. 5(d)(1)(F). This is not a claim of ineffective assistance of counsel, and Nyuon did not raise it in his direct appeal. Therefore, it is defaulted. The court also notified Nyuon of this right during his initial appearance. This claim is therefore dismissed.

1107 (8th Cir. 2000). Nyuon was told that he had the right to contact his consulate by the court. Therefore, Eirinberg was not unconstitutionally ineffective for allegedly failing to inform Nyuon of his rights.

Finally, it is doubtful that Nyuon had rights under the Vienna Convention. In his Supplement, he argues that Eirinberg should have contacted, or helped him contact, the South Sudanese consulate. South Sudan, however, is not a signatory to that treaty. *See* United Nations Treaty Collection, *Chapter III: Privileges and Immunities, Diplomatic and Consular Relations, Etc.*, https://treaties.un.org/pages/ViewDetails.aspx?src=TREATY& mtdsg_no=III-6&chapter=3&lang=en (last visited April 20, 2017). Therefore, there was no need to contact the consulate.

**B.      Prosecutorial Misconduct**

Nyuon claims that Eirinberg was unconstitutionally ineffective for failing to object to the prosecutor's alleged misconduct. " 'As a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process.' " *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (quoting *Louisell v. Dir. of Iowa Dep't. of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)). "A petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been different.' " *Id.* (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)).

Nyuon argues that the prosecutors in his case committed misconduct because they allowed witnesses to commit perjury during his trial. He does not, however, provide any evidence that perjury was committed. He argues that the government's witnesses provided contradictory testimony in their direct and cross examinations. Docket 26 at 4. As stated above, however, this is not true.

Nyuon also argues that he should be granted an evidentiary hearing so that he can show prosecutorial misconduct. More than his own baseless suspicion is required to grant a hearing. Nyuon has offered no plausible explanation as to how the prosecutors' actions violated his constitutional rights. Therefore, Eirinberg was not unconstitutionally ineffective for failing to object, and this claim is dismissed.

### C. Hearing under Federal Rule of Criminal Procedure 5.1

Nyuon claims that Eirinberg was unconstitutionally ineffective because he waived Nyuon's preliminary hearing under Federal Rule of Criminal Procedure 5. Nyuon, however, was indicted by a grand jury, *see* CR Docket 119, and therefore was not entitled to a preliminary hearing. Fed. R. Crim. P. 5.1(a)(2); *United States v. Ortiz-Martinez*, 188 F. App'x 530, 531 (8th Cir. 2006). Because Nyuon was not entitled to a preliminary hearing, Eirinberg was not ineffective, and this claim is dismissed.

### D. Duplicitous Indictment

Nyuon claims that Eirinberg was unconstitutionally ineffective because he did not argue that the indictment against Nyuon was duplicitous. Docket 27 at 2. " 'Duplicity' is the joining in a single count of two or more distinct and

14

separate offenses." *United States v. Moore*, 184 F.3d 790, 793 (8th Cir. 1999) (citation omitted). "The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense." *Id.*

Nyuon was found "guilty of sex trafficking of a child, and conspiring to engage in sex trafficking of a child, in violation of 18 U.S.C. §§ 2, 1591(a)-(c), and 1594(c)." *Nyuon*, 587 F. App'x 346. He does not explain which count was duplicitous. Sex trafficking of a child under 18 U.S.C. § 1591 merely enumerates more than one way of committing the offense, which does not raise duplicity concerns, *Moore*, 184 F.3d at 793, and 18 U.S.C. § 1594 is the conspiracy statute. There was no duplicity issue to which it was deficient for Eirinberg to fail to object. Therefore, this claim is dismissed.

Nyuon cites *Blockburger v. United States*, 284 U.S. 299 (1932), in support of his argument. *Blockburger* concerned five violations of the Harrison Narcotic Act. *Id.* at 300-01. Petitioner argued that two of the sales constituted a single offense because they were made to the same person. *Id.* at 301. The United States Supreme Court disagreed, finding that the Narcotic Act made each sale illegal, and the distinct sales were therefore distinct violations. *Id.* at 302.

Petitioner next argued that one penalty could be imposed for selling drugs not in their original package and selling them without a written order because these could apply to the same sale. *Id.* at 301. The Court found that the statute created two distinct offenses because each offense required proof of a different element. *Id.* at 304. It held that petitioner's sale could violate both

15

sections at once and constitutes two offenses. *Id.* Blockburger does not support Nyuon's argument. If anything, its finding that the conviction was valid supports the validity of Nyuon's conviction.

### E. Multiplicitous Indictment

Nyuon claims that Eirinberg was unconstitutionally ineffective because he did not argue that the indictment against him was multiplicitous. Docket 27 at 3. "An indictment is multiplicitous if it charges a single offense in multiple counts." *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005) (citing *United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995)). "Multiple punishments for the same criminal offense are barred by the Double Jeopardy Clause of the Fifth Amendment." *Id.* (citing *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995)). To show a violation of the Double Jeopardy Clause, " 'a defendant must show that the two offenses charged are in law and fact the same offense.' " *Id.* (quoting *Bennett*, 44 F.3d at 1368).

Nyuon does not explain which counts he claims were multiplicious or how they were multiplicious. He argues that he explained this in his petition, but he did not. Without this, Nyuon's claim is merely conclusory. Broad, conclusory allegations do not support claims of ineffective assistance of counsel. *Gordon v. United States*, 27 F.3d 571 (8th Cir. 1994). Therefore, Nyuon's claim is dismissed.

### F. Rule 29 Motion

After the defense rested, Eirinberg moved for a judgment of acquittal on both charges under Federal Rule of Criminal Procedure 29. Docket 301-2 at

158. The court denied this motion. *Id.* at 159-60. Nyuon now argues that this motion was improperly denied because "all the essential elements of the conviction for 18 U.S.C. §1591 were not met, beyond a reasonable doubt." Docket 26 at 5.

A claim that all of a crime's statutory elements were not proven is not a constitutional, jurisdictional, or otherwise reviewable claim under § 2255. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citations omitted). "A motion under § 2255 is not a substitute for a direct appeal[.]" *Id.* (citations omitted). Nyuon does not raise this as a claim of ineffective assistance, and he cannot do so because Eirinberg did in fact move for a judgment of acquittal under Rule 29. Therefore, Nyuon's claim is dismissed.

Nyuon also argues that the government did not prove the elements of the crime because the witnesses provided contradictory testimony. Docket 26 at 5. As discussed above, this is not true, and Nyuon does not point to any specific evidence that supports his argument for a reconsideration of the denial of his motion under Rule 29.

## II. Evidentiary Hearing

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). " 'No hearing is

required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

Here, an evidentiary hearing is not required. Nyuon's objections concern factual issues in the report and recommendation that are resolved with reference to the record as it already stands. Most of Nyuon's claims are conclusory and unexplained. The remainder can be decided without further development of the record. There is no issue of fact or credibility to be determined in an evidentiary hearing. Therefore, Nyuon's request for an evidentiary hearing is denied.

## III. Certificate of Appealability

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Nyuon has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Nyuon's objections to the report and recommendation (Docket 23) are overruled.

2. The report and recommendation (Docket 19) is adopted in full.

3. Respondent's motion to dismiss (Docket 13) is granted. Nyuon's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.

4. A certificate of appealability is not issued.

5. Nyuon's motion for an evidentiary hearing (Docket 26) is denied.

6. Nyuon's motion to reverse the report and recommendation (Docket 27) is denied.

Dated April 27, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE